UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11-3-11
```

-----------------------------------------------------------x
RICHARD BLUM, JESSENIA GARCIA, and    :
OCEANIA ACEVEDO,    :
      Plaintiffs,    :
   :
v.    :
   :
CITY OF YONKERS, YONKERS POLICE    :
DEPARTMENT, POLICE OFFICER MARIO    :
VECCHIARIELLO, individually and officially,    :
DETECTIVE GEORGE PEIDADI, individually    :
and officially, and OTHER UNKNOWN POLICE    :
OFFICER(S) AND SUPERVISORS, EMPLOYED    :
BY THE CITY OF YONKERS,    :
      Defendants.    :
-----------------------------------------------------------x

**MEMORANDUM DECISION**

05 CV 10162 (VB)

Briccetti, J.:

Now pending before the Court is defendants' motion for sanctions (Docs. #31, 32) pursuant to Federal Rule of Civil Procedure 37.[1]  For the following reasons, the motion is denied insofar as the Court will not dismiss this case.  The Court does, however, award other sanctions as set forth below.

## BACKGROUND

This case has been pending for nearly six years before three judges, each of whom dealt with the issues that have culminated in this pending motion.

**I.    Factual Allegations**

In setting forth the factual background of this case, the Court accepts all factual allegations of the complaint as true.

This action arises from an incident at a night club in Yonkers, New York on December 5,

---

[1]    The motion was docketed twice.  There is only one pending motion.

1

2004. According to the complaint, defendant Police Officer Mario Vecchiariello threw a chair at plaintiff Oceania Acevedo and pushed plaintiff Jessenia Garcia to the floor while they were at the Twilight Lounge. After leaving the club, Vecchiariello continued assaulting Acevedo and Garcia and brandished his gun. Garcia alleged she was not permitted to file a complaint against Vecchiariello, while Acevedo alleges she was denied medical attention at the scene.

At approximately 3:30 a.m. that morning, plaintiff Richard Blum was awakened and notified about the incident because Garcia was his ex-girlfriend. Blum went to the Twilight Lounge where he met with Garcia and Acevedo. There, Blum identified himself to several Yonkers Police Officers as an off-duty New York City Police Officer in an attempt to get an assessment of the situation. After not receiving any response to his inquiries, Blum threatened to contact the Yonkers Police Department Internal Affairs Office. Upon hearing this, one of the Yonkers officers referred to Blum as a "rat."

Blum then walked to his home, where he received a message to pick up his uncle's girlfriend at the Twilight Lounge. While driving, he was pulled over by several Yonkers Police Officers who approached his car with their guns drawn. Blum was detained and released, and his car was impounded.

Defendant Detective George Peidadi subsequently filed a false report and complaint against Blum with the City of New York. Blum was then suspended from his position as a New York City Police Officer. He voluntarily resigned from the New York City Police Department on October 13, 2006.

Plaintiffs assert claims for unreasonable force on behalf of Garcia and Acevedo; false imprisonment/arrest on behalf of Garcia and Acevedo; failure to properly hire, train, and supervise the officer; violation of Blum's due process rights for Peidadi's filing of a false report

2

and for the stop of Blum on December 5; assault and battery against Vecchiariello; false arrest under New York law; abuse of process under New York law; intentional and negligent infliction of emotional distress; negligence; and prima facie tort.

## II.   Procedural History of the Case

This case was commenced on December 2, 2005, and initially assigned to the Honorable William C. Conner.  Plaintiffs maintain that they completed their discovery in 2008.  A minute entry on the docket dated May 8, 2009, states "Trial adjourned to 6/15/2009 - no further extensions. Defendant's [sic] may take Plaintiff's [sic] deposition (hasn't been done yet)."  In a letter to the Court dated May 28, defendants' counsel complained to the Court that Blum had yet to furnish his income tax records and that defendants had not had an opportunity to depose plaintiffs.  Despite this letter, it appears that Judge Conner set this case for trial in July 2009.

After Judge Conner passed away in July 2009, the case was reassigned to the Honorable Cathy Seibel.  On November 10, 2009, defendants noticed plaintiff Acevedo's deposition for December 3 and plaintiff Garcia's deposition for December 10.  According to a letter from defendants' counsel to plaintiffs' counsel dated December 7, 2009, Acevedo failed to appear at her deposition despite earlier confirmation that she would appear.  In the letter, defendants' counsel stated his intention to file for sanctions pursuant to Rule 37.  Counsel also stated that Blum had failed to provide defendants with the appropriate forms to authorize the release of his tax records.  Garcia's deposition was taken on December 10.

On December 14, 2009, defendants served a "Request for Documents and Things" on plaintiff Acevedo requesting Acevedo produce documents relating to her medical records and social security benefits.

By letter dated January 28, 2010, defendants' counsel informed plaintiffs' counsel that

the tax form completed by Blum – I.R.S. Form 4506 T – was insufficient for defendants' needs, and Blum would have to complete a Form 4506, a copy of which was enclosed with the letter.

Over the course of 2010, the Court addressed plaintiffs' counsel's request to be relieved from representing plaintiffs. The Court granted permission to defendants to file a motion for sanctions and additional time to do so. Until the instant motion, defendants did not so move.

Judge Seibel held a conference with the parties on April 18, 2011. At the conference, which was held on the record, the Court ordered Richard St. Paul to remain as plaintiffs' counsel. Further, the Court firmly set Blum's deposition for April 27. If the deposition did not happen on that day due to any action attributable to Blum, the Court stated, "there is going to be preclusion." The Court also ordered plaintiffs to respond to defendants' discovery demand of December 14, 2009, no later than May 2. The Court further stated that defendants had lost their opportunity to move for sanctions because so much time had passed.

By letter dated April 27, 2011, Mr. St. Paul informed the Court that he was late to Blum's deposition that day. The deposition was scheduled to commence at 9:30 a.m., and at 9:38 a.m., after St. Paul had not arrived, defendants' counsel, Joseph Bonanno, cancelled the deposition. Mr. St. Paul admitted to arriving "at approximately 9:45 a.m. due to a severe parking shortage in the Yonkers municipal garage." In endorsing the letter, the Court refused to permit an adjournment of Blum's deposition.

On May 13, 2011, the case was reassigned to the undersigned. On June 15, the Court held a conference in this case, after which the Court issued an order stating:

> 1.   Plaintiffs' counsel shall transmit to defendants' counsel, no later than June 22, 2011, authorizations necessary for defendants to obtain plaintiff Oceania Acevedo's relevant records from the Social Security Administration and the Westchester County Department of Social Services;

4

2.     Defendants shall depose plaintiff Richard Blum on June 29, 2011 at 9:30 a.m. at the Yonkers Corporation Counsel's office. No adjournment shall be granted absent catastrophic circumstances;

3.     Discovery is to be completed in this matter no later than August 19, 2011;

4.     Dispositive motions shall be filed no later than September 16, 2011; any responses to such motions shall be filed no later than October 14, 2011; any replies shall be filed no later than October 21, 2011.

By letter to Mr. St. Paul dated June 22, 2011, Mr. Bonnano informed Mr. St. Paul that the authorizations for Acevedo's social security records were insufficient. Mr. Bonnano also wrote that Mr. St. Paul had inappropriately limited the time period covered by the authorizations for the release of Acevedo's records.

In an email response sent June 22, Mr. St. Paul indicated his belief that Judge Conner's order regarding the disclosure of Blum's tax returns was limited to three years and that Acevedo's medical records were similarly limited. By letter dated June 24, Mr. Bonanno stated his understanding that the Court did not limit the time frame for Acevedo's medical records. Mr. Bonanno also pointed out that Judge Conner had died prior to defendants' serving their request for documents.

Blum's deposition went forward on June 29 as ordered. At the beginning of the deposition, Blum refused to provide photographic identification to Mr. Bonanno. At the end of the day, the parties contacted the Court to report that the deposition had not been completed, but the court reporter could not stay any longer. The parties jointly requested permission to continue the deposition at another time. The Court permitted the parties to do so, and the deposition was continued on July 13.

5

The continued deposition began with Blum refusing to swear on the Bible, Mr. Bonanno

asking Blum about swearing on the Bible, and Mr. St. Paul telling Blum not to answer Mr.

Bonanno's questions. Instead of swearing, Blum affirmed that he would tell truth. Mr. Bonanno

then asked Blum to produce government-issued identification. The attorneys proceeded to have

a discussion about whether Mr. Bonanno trusted that the deponent was indeed plaintiff. Mr. St.

Paul refused to permit Mr. Bonanno to touch or photocopy Blum's identification. Mr. Bonanno

received Blum driver's license number and then expressed his opinion that Blum did not look

like the person photographed on the identification. Mr. St. Paul then refused to allow Mr.

Bonanno to read the address on the identification. This discussion continued for three more

pages of the transcript before Mr. St. Paul withdrew his client from the deposition, cancelling it.

By letter to the Court dated July 18, Mr. Bonanno apprised the Court of how the Blum

deposition transpired and requested more time to complete it. Mr. Bonanno also recounted some

of the case history as it related to the demands for Acevedo's records.

On July 22, 2011, the Court issued a "Scheduling Notice" (Doc. #29) stating:

> The Honorable Vincent L. Briccetti has directed that counsel for all
> parties herein shall attend a pretrial conference on July 28, 2011 at
> 10:00 a.m. in Courtroom 620, at the Hon. Charles L. Brieant
> Courthouse, 300 Quarropas St., White Plains, NY 10601.

> Appearance by all counsel is MANDATORY.

By letter dated July 26, 2011 – which was actually faxed to the Court on July 27, 2011 – Mr. St.

Paul requested an adjournment of the July 28 conference, stating that he would be "out of town

July 28-31, 2011 and out of the country from August 15-25, 2011." Mr. St. Paul also responded

to Mr. Bonanno's July 18 letter.

On the morning of July 28, the Court's law clerk contacted Mr. St. Paul and left a voice

message recommending Mr. St. Paul be present at the conference.  Mr. St. Paul called Chambers

approximately 35 minutes later and told the law clerk he was sixty miles away and could not

make an appearance before the Court.  His request to appear by telephone at the hearing was

denied.  Following the hearing, the Court issued the following order (Doc. #30):

> The Court is in receipt of plaintiffs' letter dated July 26, 2011 but
> faxed to the Court on July 27, 2011 in which counsel requested an
> adjournment of the case management conference scheduled for July
> 28, 2011.  Plaintiffs' application for adjournment of the conference,
> or, alternatively, permission to attend by telephone, is DENIED for
> the reasons stated by the Court on the record in open court at the July
> 28 conference.
>
> Further, defendants' motion for sanctions shall be filed no later than
> August 5, 2011.  Plaintiffs' opposition, if any, shall be filed no later
> than August 12, 2011.  Defendants are not permitted to file a reply in
> support of their motion.   There will be no adjournments or
> modifications of this schedule.

Defendants filed their motion for sanctions on August 5, 2011.

## DISCUSSION

Defendants' motion for sanctions seeks dismissal of this action pursuant to

Rules 37(b)(2)(A)(v) and 41(b) for plaintiffs' failure to comply with Judge Seibel's order of

April 18, 2011, in which she instructed plaintiffs' counsel to return authorizations which had

been the subject of defendants' December 14, 2009, document request and plaintiffs' failures as

they relate to Blum's deposition.

Rule 37 authorizes a court to impose various sanctions when a party "fails to obey an

order to provide or permit discovery . . . ."  Fed. R. Civ. P. 37(b)(2)(A).  District courts "enjoy

wide discretion in sanctioning litigants appearing before them."  Novak v. Wolpoff & Abramson

LLP, 536 F.3d 175, 177 (2d Cir. 2008).  Sanctions should be tailored to the offensive conduct,

Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007) ("Rule 37 permits

7

the imposition of 'just' sanctions; the severity of the sanction must be commensurate with the

non-compliance."), and the Court retains broad authority to craft a proper sanction. See Eastway

Constr. Corp. v. New York, 762 F.2d 243, 254 n.7 (2d Cir. 1985). The possible sanctions under

Rule 37(b)(2) include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); see also Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or

to comply with these rules or a court order, a defendant may move to dismiss the action or any

claim against it."); Lucas v. Miles, 84 F.3d 532, 534-35 (2d Cir. 1996).

Dismissal is a "harsh remedy" to be "utilized only in extreme situations." Lewis v.

Rawson, 564 F.3d 569, 576 (2d Cir. 2009). Dismissal is only appropriate upon a finding of

"willfulness, bad faith, or any fault by the non-compliant litigant." Agiwal v. Mid Island Mortg.

Corp., 555 F.3d 298, 302 (2d Cir. 2009). When determining whether an action should be

dismissed pursuant to Rule 37, the Court should review the following factors: "(1) the

willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of

lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the

non-compliant party had been warned of the consequences of his non-compliance." Nieves v.

City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002); see also Agiwal, 555 F.3d at 302. The

Court should not dismiss a plaintiff's case for failing to appear at a deposition unless it

previously gave warning to the plaintiff that it may do so.  See Bobal v. Rensselaer Polytechnic
Inst., 916 F.2d 759 (2d Cir. 1990) (addressing pro se plaintiff).

Whether dismissal is appropriate under Rule 41(b) for the failure to prosecute or to
comply with a court order requires the Court to analyze the litigants' conduct pursuant to five
factors:

> (1) the duration of the plaintiff's failure to comply with the court
> order, (2) whether plaintiff was on notice that failure to comply
> would result in dismissal, (3) whether the defendants are likely to be
> prejudiced by further delay in the proceedings, (4) a balancing of the
> court's interest in managing its docket with the plaintiff's interest in
> receiving a fair chance to be heard, and (5) whether the judge has
> adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d at 535.  Ultimately, the factors regarding dismissal under both Rules 37
and 41(b) are "nearly identical" and are evaluated similarly.  See Baffa v. Donaldson, 222 F.3d
52, 62-63 (2d Cir. 2000).

I.     **Dismissal**

The Court declines to dismiss this case.  Plaintiffs' conduct has not been sufficiently
egregious to warrant the harsh remedy of dismissal.  It does not appear that plaintiffs were on
specific notice that their failure to comply with the Court's directives would result in dismissal
of their action.  Further, it would be inappropriate to dismiss this case in light of defendants'
conduct at the continued deposition on July 13, which was not appropriate in its own right.[2]
Finally, the Court believes less drastic measures, as set forth below, will sufficiently deter the

---

[2]     The Court believes Mr. Bonanno's demand for Blum's identification at the
continued deposition was clearly unreasonable.  First, Mr. Bonanno had spent a full day
deposing Blum with no reason to question the deponent's identity.  If Mr. Bonanno was not
confident that the deponent was indeed plaintiff, he should have found out earlier.  Second, the
Court is confident that Blum was the deponent because if he was not, the ramifications for Blum
and Mr. St. Paul would be severe, to put it mildly.

conduct that underlies the motion.

## II.    Other Sanctions

Sanctions are warranted in this case based on plaintiffs' failure to comply with the Court's numerous orders to turn over authorizations for the release of Acevedo's records. The case history is replete with plaintiffs' postponed and canceled depositions and with plaintiffs' failure to turn over authorizations so that defendants can obtain appropriate records to mount a defense to plaintiffs' claims. Sanctions pursuant to Rule 37 are designed to return "the parties to the position they would have occupied but for the breach of discovery obligations." In re September 11th Liab. Ins. Coverage Cases, 243 F.R.D. 114, 132 (S.D.N.Y. 2007). The sanctions ordered by the Court will accomplish that goal.

First, defendants' counsel is instructed to submit to the Court the Acevedo authorizations no later than November 9, 2011. The Court will review them and then forward them to plaintiffs' counsel. Mr. St. Paul will ensure that Acevedo completes the authorizations and that either Acevedo or Mr. St. Paul returns them to Mr. Bonanno no later than November 28, 2011. If the authorizations are not returned by that date, the Court will dismiss Acevedo's claims with prejudice pursuant to Rule 41(b). At the same time the authorizations are sent to Mr. Bonanno, Mr. St. Paul shall submit a letter to the Court confirming that he has done so.

Second, defendants are entitled to continue Blum's deposition. The parties dispute how much time defendants have remaining in the deposition, with Blum asserting that the deposition should continue for one hour and fifteen minutes more, while defendants contend that two hours remain. The Court hereby orders that two hours remain in Blum's deposition. The clock will only run while questions are being asked and answered and not during any break, regardless of which party requests it. Otherwise, the usual rules for depositions will apply. Blum's deposition

10

will re-commence promptly at 10:00 a.m. on November 15, 2011 at Mr. Bonanno's office.  If this date does not work for either party, counsel may contact his opposing counsel, and if they agree to reschedule the deposition, they may request Court permission by fax to do so.  Under no circumstances will the Court permit the deposition to occur after November 30, 2011, even on consent of the parties.  Any tardiness by counsel or Blum to the deposition will be dealt with severely by the Court.

Finally, defendants are entitled to attorney's fees for the following actions: (1) time spent seeking the return of the authorizations from Acevedo; (2) time at the conference before the Court on July 28, 2011; and (3) time spent in preparation for the instant motion.  Mr. Bonanno is instructed to file an appropriate affidavit with supporting documentation no later than November 17, 2011.  Plaintiffs shall file any opposition no later than November 28, 2011.  No reply will be permitted.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion (Docs. #31, 32) for sanctions as to dismissal, but GRANTS the motion insofar as the Court awards alternative sanctions.

The Clerk is instructed to terminate this motion.

Counsel are directed to appear for a case management conference on December 13, 2011 at 12:30 p.m., at which time a trial date will be set and/or a deadline for the filing of dispositive motions will be set.

Dated: November 3, 2011
      White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

12